**ALLEN, KARPINSKI, BRYANT & KARP, P. A.**
ATTORNEYS AT LAW
SUITE 1540, 100 EAST PRATT STREET
BALTIMORE, MARYLAND 21202-1089

DANIEL KARP*
YVETTE M. BRYANT*
KEVIN KARPINSKI*
RICHARD T. COLARESI
VICTORIA M. SHEARER
MATTHEW D. PETER
AMY L. MEZEWSKI

(410) 727-5000
FACSIMILE (410) 727-0861
E-MAIL akbklaw@aol.com

* ADMITTED IN MD AND D.C.

August 11, 2005

Mr. William T. Davis
2300 Good Hope Road, S.E.
Apt. 612
Washington, D.C. 20020

                RE:   325-190
                         Davis v. Gables Residential

Dear Mr. Davis:

      This letter follows our discussion of August 10, 2005. As I mentioned when we spoke, the purpose of the call was to discuss the items set forth in Local Rule 16.3. As I also mentioned, we are required to forward to the Court our joint statement outlining agreements reached during the course of our conference. The joint statement must be filed within fourteen days of this date, i.e. the date of the Rule 16.3 meeting.

      My understanding is that you are weighing your options regarding retaining an attorney. Nevertheless, you shared with me that you had not made a decision and wished to go forward with the conference. At the time of the conference, we discussed the following items:

1.    Dispositive Motions

      As I advised you, I anticipate that Gables will file a dispositive motion during the course of this case. However, no such motion is currently pending.

2.    Additional Parties

      You advised me that you plan to name Maurice Williams as a defendant within the next two weeks. Gables does not intend to name any additional parties.



EXHIBIT A

Mr. William T. Davis
Page 2
Aug 11, 2005

3.  Referral to a Magistrate

You advised me that you do not know the implications of referral to a Magistrate Judge. I advised you that Gables will not submit to a Magistrate for all purposes.

4.  Possibility of Settlement

You advised me that you would accept Ten Thousand Dollars in full and final settlement of the case. I advised you that as I am obliged to do pursuant to the Canon of Ethics, I will pass your settlement demand to my client's representatives.

5.  Alternative Dispute Resolution

We also discussed the issue of early Alternative Dispute Resolution. You advised me that you are in favor of early dispute resolution. I advised you that Gables would prefer to engage in discovery prior to engaging in any of the dispute resolution processes.

6.  Deadlines for Dispositive Motions

We agreed to a dispositive motion deadline of February 1, 2006; responses to any dispositive motions would be due on February 16, 2005.

7.  Initial Disclosures

Because you are not represented by counsel, we agreed to follow the instructions of Rule 26(a) rather than attempt to modify its provisions.

8.  Extent of Discovery

You advised me that you have most of the information that you plan to rely on. I advised you that Gables will need to go through the entire course of discovery. You advised that you would prefer not to set deadlines; as I advised you, we are required to set dates for the close of discovery, and various other dates. We will need to work through this issue prior to submitting the joint report.

ALLEN, KARPINSKI, BRYANT & KARP, P.A.
ATTORNEYS AT LAW

Mr. William T. Davis
Page 3
August 11, 2005

9.     Expert Discovery

We discussed the fact that the only expert on whom you plan to rely is a physician. I do not have enough information regarding the claim to know what experts, if any, my client will rely upon. However, I advised you that it is my intention to take the deposition of any expert that you designate.

10.     Class Action

As I noted, this is not a class action. You indicated that it may well become a class action. In any event, there is currently nothing to report to the Court as regards class actions.

11.     Bifurcation

We discussed the fact that given the limited issues in this case, bifurcation is probably not the best approach to this case.

12.     Date for Pretrial Conference

We agreed to a pre-trial conference date of April 17, 2005.

13.     Setting of Trial Date at Time of Initial Conference

We agreed that the Court should not set the trial date at the time of the initial conference with the understanding that the Court can set a date within thirty to sixty days of the pre-trial conference.

14.     Miscellaneous Matters

You are free to advise the Court of any other matters you believe ought to be included in the joint report.

I have enclosed a copy of Local Rule 16.3 for your use. Please let me know where you wish to go from here.

ALLEN, KARPINSKI, BRYANT & KARP, P.A.
ATTORNEYS AT LAW

Mr. William T. Davis
Page 4
August 11, 2005

           Very truly yours,

           ALLEN, KARPINSKI, BRYANT & KARP

           By: Yvette M. Bryant

YMB/bkh
Enclosure