IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM T. DAVIS | * | |
| Plaintiff | * | Case No: 1:05CV01358 |
| v. | * | Judge: Colleen Kollar Kotelly |
| GABLES RESIDENTIAL/H.G. SMITHY | * | |
| Defendants | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## GABLES RESIDENTIAL'S RULE LCvR 16.3 SUBMISSION

Gables Residential, Defendant, by ALLEN, KARPINSKI, BRYANT & KARP and YVETTE M. BRYANT, its attorneys, submits the following as its Rule LCvR 16.3 Submission.

The essence of Plaintiff's Complaint appears to be that Defendant wrongfully terminated his employment, a claim that Defendant denies.

**1.  Dispositive Motions**

Defendant anticipates filing a dispositive motion following the close of discovery.  However, no such motions are pending at this time.

**2.  Additional Parties**

Defendant does not anticipate designating additional parties.

**3.  Referral to a Magistrate**

Defendant is not inclined to consent to a Magistrate Judge.

4.      **Possibility of Settlement**

Defendant does not anticipate making an offer of settlement at this juncture.

5.      **Alternative Dispute Resolution**

Defendant would prefer to engage in discovery prior to engaging in any of the available dispute resolution processes.

6.      **Deadlines for Dispositive Motions**

Defendant believes that a reasonable time for submission of dispositive motions is February 1, 2006; responses to dispositive motions would be due on February 16, 2005 under Defendant's proposed timetable. If consistent with the Court's schedule, Defendant would propose April 1, 2005 as a date for decision on dispositive motions.

7.      **Initial Disclosures**

Because Plaintiff is proceding pro se, Defendant recommends that the parties agree to follow the instructions of Rule 26(a) rather than attempt to modify its provisions.

8.      **Extent of Discovery**

Defendant has very little information regarding this claim, which appeas to involve incidents that occurred before Defendant began managing the premises at issue. Thus, Defendant anticipates that it will need to go through the

entire course of discovery. Defendant would recommend that discovery end on January 15, 2005.

**9.     Expert Discovery**

Defendant does not have enough information regarding the claim to know what experts may be needed in this case; however, Defendant would like an opportunity to designate any and all appropriate experts. Defendant would anticipate concluding expert discovery on December 31, 2005.

**10.    Class Action**

This matter does not involve and is not likely to develop into a class action lawsuit.

**11.    Bifurcation**

Based on the allegations of the Complaint, Defendant does not believe that bifurcation is appropriate.

**12.    Date for Pretrial Conference**

Given the date proposed for dispositive motions, Defendant recommends a pre-trial conference date of April 17, 2005.

**13.    Setting of Trial Date at Time of Initial Conference**

Defendant would prefer that the Court refrain from setting the trial date at the time of the initial conference.

**14.    Miscellaneous Matters**

Defendant submitted this unilateral statement as it had no response

to its letter dated August 11, 2005. See Exhibit A, attached hereto. As the letter dated August 11, 2005 indicates, the parties conferred regarding this matter on August 10, 2005. Because Defendant has not received a response from Plaintiff, it has not submitted a proposed discovery plan but has attached the August 11, 2005 as evidence of the matters upon which Defendant's counsel believe the parties reached agreement.

                              ALLEN, KARPINSKI, BRYANT & KARP

By: _____/s/_____
     YVETTE M. BRYANT
     Bar No.: 420941
     Suite 1540
     100 E. Pratt Street
     Baltimore, Maryland 21202
     (410) 727-5000
     (410) 727-0861 (facsimile)
     Attorney of Record for Gables Residential

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of August, 2005, a copy of the foregoing Gable Residential's Rule LCvR 16.3 Submission was electronically filed, and mailed, by first class mail, postage prepaid to:

William T. Davis
2300 Good Hope Road, S.E.
Apartment 612
Washington, D.C.  20020

_____/s/_____
Of Counsel for Defendant